# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**D.B.C. CORPORATION**                                                                 **PLAINTIFF**

**V.**                                           **CAUSE NO. 3:19-CV-174-CWR-FKB**

**TABLE DE FRANCE, INC.,**                                                **DEFENDANT**
*also known as* Michel De France

## ORDER

Before the Court are the defendant's motion to dismiss and the plaintiff's motion for jurisdictional discovery. Docket Nos. 7, 15.

If the briefing is to be believed, this dispute has gotten off to the wrong start. It cannot possibly be true that defense counsel repeatedly schedules phone calls with her opponents, then refuses to pick up the phone at the agreed-upon time. And are the parties really spending client money to argue over *service of process* solely because plaintiff's counsel refused to extend a 10-day extension to the other side? Tell me none of this is true.

The most frustrating aspect of this case, however, is that the parties are spending all of this time and money to litigate the same issues *twice*: once in this District and again in the Central District of California, in a suit that preceded this one by a single day. *See Table De France, Inc. v. DBC Corp.*, No. 5:19-CV-423 (C.D. Cal. filed Mar. 7, 2019).[1]

The "first-to-file rule" provides that "a district court may dismiss, stay, or transfer an action where the issues presented can be resolved in an earlier-filed action pending in another federal court. The rule is grounded in principles of comity and sound judicial administration." *Burger v. Am. Mar. Officers Union*, 170 F.3d 184, at *1 (5th Cir. 1999) (citations omitted). The

---

[1] This may explain why counsel would not return calls or talk at the agreed time—they were too busy preparing the California action. It is a strategy that may not work. If this Court granted the hearing that the plaintiff has requested, it certainly would expect answers to these questions.

first court in whose lap this case fell decides "whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). That said, the first-to-file rule does not apply where the first mover filed an anticipatory declaratory action in an attempt "to control the forum of the plaintiff's action." *Pac. Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985).

Because the California case was filed first and is substantially similar to this case, it is appropriate to stay this action pending the California federal court's ruling on jurisdiction. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999). "While it may well be that the [California] lawsuit falls under the anticipatory declaratory judgment exception to the first-filed rule and that this case should proceed, the court is of the opinion that such a determination is best made by the [California] district court." *Street v. Smith*, 456 F. Supp. 2d 761, 768 (S.D. Miss. 2006).

This case is stayed. The pending motions are denied without prejudice.

**SO ORDERED**, this the 9th day of July, 2019.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE